**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Warren Picard</u>

    v.                                                Civil No. 09-cv-025-SM

<u>Nashua Police Department, et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

    Before the Court is Warren Picard's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that defendants violated his federal constitutional rights. The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

<u>Standard of Review</u>

    Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR

---

[1] In addition to naming the Nashua Police Department as a defendant in this action, Picard has named Nashua Police Officer Lisa Treem and Nashua Police Officer Garneaus as defendants to this action.

4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On July 1, 2008, Nashua Police Officer Lisa Treem arrested Warren Picard and transported him to the Nashua Police Station for booking.  While being booked by Nashua Police Officer

Garneaus, Picard was apparently talking more than Treem preferred.  Treem told Picard that if he did not "shut up," she would punch him.  Picard told Treem that he could say what he liked.  In response, Treem punched Picard, with a closed fist, above the left eye, while Garneaus looked on.  The punch caused an open cut on Picard's head which began to bleed profusely, and would not stop bleeding.  Picard asserts that during the course of the night, which he spent detained in the police station booking area, he asked both Treem and Garneaus repeatedly to take him to the hospital so that he could receive medical attention for the cut above his eye, as it would not stop bleeding.  Picard states that neither Treem nor Garneaus ever responded to his request at all or assisted him in obtaining medical attention.

## Discussion

I.  Excessive Force Claim

Picard asserts that by intentionally hitting him in the head with a closed fist while he was detained at the Nashua Police Department ("NPD"), Treem used excessive force against him.  The Fourteenth Amendment protects a detainee from excessive force that amounts to punishment.  See Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007); Surprenant v. Rivas, 424 F.3d 5, 18

(1st Cir. 2005).  In determining whether a plaintiff has stated a claim for unconstitutionally excessive force, the court should look to the following four factors: (1) the need for the use of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of injury inflicted, and (4) "whether the force was applied in good faith to maintain or restore discipline or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  Whether a use of force is objectively "harmful enough" to establish a constitutional violation is "contextual and responsive to 'contemporary standards of decency.'"  Id. at 2 (quoting Estelle, 429 U.S. at 103)).

As Picard describes the incident, Treem punched him once in the head because she wanted him to stop talking, causing a large gash on his forehead.  Accepting Picard's allegations as true, as I must at this stage of the proceedings there are no facts in the complaint which suggest that Picard was physically threatening to Treem or even unruly in any nonverbal way.  Under those circumstances, I can find neither that the use of force in this case was necessary nor that it was a proportionate response to

Picard talking.  Further, the use of force was significant enough to cause a large gash and extensive bleeding.  None of the facts asserted indicate that the force was used in a manner designed to maintain or restore discipline.  Instead, it appears that Treem used force in order to cause harm to Picard because he would not stop talking.  As I find that the force used, as alleged, was excessive for the circumstances described, I will direct, in an Order issued simultaneously with this Report and Recommendation (the "Simultaneous Order") that Picard's excessive force claim proceed against Treem.

II.   Inadequate Medical Care

Picard claims that the denial of medical attention for his injury constitutes constitutionally inadequate medical care.  The constitution protects detained arrestees from their custodians acting with deliberate indifference to their serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1994).  To assert a viable cause of action for inadequate medical care, a detainee must first state facts sufficient to allege that he has not been provided with adequate care for a serious medical need.  Id. at 831; Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle, 429 U.S. at 106.  The plaintiff must then allege that a

responsible official was aware of the need, or of the facts from which the need could be inferred, and still failed to provide treatment.  Estelle, 429 U.S. at 106.  A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) (citing Farmer, 511 U.S. at 835-47); Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (internal citations omitted).

Here, Picard states that when he requested medical care, he was ignored by both Treem and Garneaus, although he was bleeding profusely from a large cut to his head and the officers were both aware of his injury and his requests for medical attention. Picards has alleged the minimum facts necessary to state a claim for the denial of adequate medical care against Treem and Garneaus, the officers responsible for his care during his detention.  Accordingly, in my Simultaneous Order, I will direct that this claim be served on Treem and Garneaus.

III. <u>Municipal Liability</u>

　　Picard has named the NPD as a defendant to this action. Municipalities and local government entities, including city police departments are "persons" amenable to suit within the meaning of § 1983.  See <u>Monell</u>, 436 U.S. at 690.  Under New Hampshire law, cities, such as Nashua, as well as City departments, are local governmental units.  <u>See</u> N.H. Rev. Stat. Ann. § 507-B:1(I) (defining "governmental unit" as "any political subdivision within the state including any county, city, town, precinct, school district, chartered public school, school administrative unit, or departments or agencies thereof, or any other body corporate and politic within the state, but does not include the state or any department or agency thereof").

　　Under 42 U.S.C. § 1983, a municipal police department may be liable for damages to a plaintiff "who is subjected to a deprivation of his constitutional rights as a result of official action taken pursuant to a 'custom or usage' of the municipality."  <u>Mahan v. Plymouth County House of Corrs.</u>, 64 F.3d 14, 16 (1st Cir. 1995) (<u>citing</u> <u>Monell v. N.Y. City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)).  Although in some instances a single incident of constitutional deprivation may provide "some

proof" of a municipal policy, "a single incident is insufficient, in and of itself, to establish a municipal 'custom or usage.'" Mahan, 64 F.3d at 16; see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (proof of single incident by lower level employees does not establish official policy or custom). In this instance, where Picard has only alleged a single incident of police misconduct, and where he alleges no facts at all that suggest that the acts challenged were made pursuant to any policy or custom of the Nashua Police Department, I find that Picard has failed to allege any facts to support an allegation that a widespread policy, custom or practice of the NPD has violated Picard's constitutional rights, and I recommend, therefore, that the Nashua Police Department be dismissed from this action.

## Conclusion

For the foregoing reasons, I recommend that the Nashua Police Department be dismissed from this action. In my Simultaneous Order I will direct service of the excessive force and inadequate medical care claims against Treem and Garneaus.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to

appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                       _/s/ James R. Muirhead_
                                        James R. Muirhead
                                        United States Magistrate Judge

Date:     April 20, 2009

cc:       Warren Picard, pro se